**KOLLER LAW LLC**
David M. Koller, Esquire (Pa 90119)
Jordan D. Santo, Esquire (Pa 320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: 215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT GREEN** | : | |
| **1916 W Venango Street** | : | |
| **Philadelphia, PA 19140** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | **Complaint and Jury Demand** |
| **v.** | : | |
| | : | |
| **THE HOME DEPOT, INC.,** | : | |
| **4640 Roosevelt Boulevard** | : | |
| **Philadelphia, PA 19124** | : | |
| | : | |
| **2455 Paces Ferry Road** | : | |
| **Atlanta, GA 30339** | : | |
| **Defendant.** | : | |
| | : | |

## COMPLAINT

Plaintiff, Robert Green, through his counsel, Koller Law LLC, brings this civil matter against Defendant, The Home Depot, Inc., for violations of the Family and Medical Leave Act of 1993, as amended ("FMLA") and Section 1981 of the Civil Rights Act ("Section 1981"). In support thereof, Plaintiff avers as follows:

## IDENTIFICATION OF THE PARTIES

1. Plaintiff is Robert Green (hereinafter "Plaintiff"), an adult individual who is domiciled in the Commonwealth of Pennsylvania at 1916 W Venango Street, Philadelphia, PA 19140.

2.   Defendant, The Home Depot, Inc. (hereinafter "Defendant") is a chain of home improvement stores with a location at 4640 Roosevelt Boulevard, Philadelphia, PA 19124 and with a corporate headquarters located at 2455 Paces Ferry Road, Atlanta, GA 30339.

3.   Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweek in the current or preceding year.

4.   At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

## JURISDICTION AND VENUE

5.   The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

6.   The FMLA is a federal law and so this court maintains federal question jurisdiction over this matter.

7.   Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391 (b)(1) and 1931 (b)(2) because Defendant is located in and/or regularly conduct business in this judicial district and because the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## MATERIAL FACTS

8.   Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9.   Plaintiff is African American.

10. In or around 2015, Defendant hired Plaintiff in the position of Sales Associate.

11. Plaintiff was well qualified for his position and performed well.

12. Plaintiff has epilepsy; a serious medical condition considered to be a qualifying health condition under the FMLA.

13. In or around January 2023, Plaintiff applied for Intermittent FMLA leave due to his epilepsy.

14. The medical provider certification was completed by Dr. Saman Zafar, Neurologist.

15. On or about March 8, 2023, Plaintiff submitted his completed application for Intermittent FMLA leave to Paul (Last Name Unknown ("LNU")) (hereinafter "Paul") (Caucasian), Store Manager.

16. Shortly thereafter, Brandon LNU (hereinafter "Brandon"), Department Manager, began to nitpick Plaintiff's work product and issued him disciplines for minor issues.

17. Upon information and belief, Brandon did not treat Plaintiff's coworker who had not applied for FMLA leave in a similar manner.

18. Upon information and belief, Brandon knew about Plaintiff's application for Intermittent FMLA leave.

19. In or around the end of March 2023, Plaintiff was summoned to the office to allegedly discuss his schedule.

20. When Plaintiff arrived at the office, he was questioned by a Loss Prevention Representative (name unknown) (hereinafter "LPR") (Hispanic).

21. LPR proceeded to accuse Plaintiff of stealing building materials, including, but not limited to, dry wall, and/or having knowledge of the theft.

22. Plaintiff did not steal building materials or any other materials or items from Defendant and had no knowledge of any theft.

23. Plaintiff told this to LPR.

24. However, LPR continued asking Plaintiff the same questions over and over again.

25. Plaintiff continued to deny any involvement in and/or knowledge of the theft.

26. Paul then entered the office and stated, "I know you have epilepsy, tell us about the theft," or words to that effect.

27. Paul also referenced Plaintiff's request for Intermittent FMLA leave.

28. Paul's comment referencing Plaintiff's epilepsy and subsequent request for Intermittent FMLA leave demonstrated the action of Defendant's agents, within the scope of their employment, was voluntary, deliberate and intentional.

29. Plaintiff informed Paul and LPR that he did not have any information regarding the alleged theft.

30. Paul proceeded to terminate Plaintiff for allegedly being uncooperative in the investigation into the theft.

31. Upon information and belief, the other employees who Paul and LPR investigated for committing and/or having knowledge of the theft were African American and Hispanic, demonstrating racial discrimination and profiling in Defendant's investigation into the alleged theft.

32. Paul's comment referencing Plaintiff's epilepsy and subsequent request for Intermittent FMLA leave demonstrated that Defendant's conduct was voluntary, deliberate and intentional.

33. Upon information and belief, Defendant did not conduct a thorough and proper investigation into Plaintiff's alleged role in the theft at Defendant.

34. Defendant subsequently caused Plaintiff to be arrested for his alleged involvement in the theft at Defendant.

35. However, the criminal proceedings were later dismissed.

36. Defendant willfully interfered with Plaintiff's rights under the FMLA and willfully retaliated against Plaintiff for applying for FMLA leave in violation of the FMLA.

37. Defendant discriminated against Plaintiff due to his race in violation of Section 1981.

**COUNT I – WILLFUL INTERFERENCE**
**FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED**

38. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

39. The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

40. At all times material, Defendant knew, or should have known, of Plaintiff's need for intermittent FMLA leave to care for his own serious health condition.

41. Defendant acted in bad faith by interfering with Plaintiff's rights under the FMLA.

42. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FMLA-related request for leave.

43. Defendant's aforementioned actions violate 29 U.S.C. § 2615(a)(1) of the Family and Medical Leave Act in that the employer cannot "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

44. As a direct and proximate result of Defendant's unlawful and willful interference with Plaintiff's rights under the FMLA, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, disruption of her personal life and loss of enjoyment of the ordinary pleasures of life.

45. Plaintiff demands judgment in his favor against Defendant for all available equitable relief including, but not limited to: unpaid leave up to the maximum permitted by the FMLA including

5

but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

46. Plaintiff further demands judgment in his favor against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under § 2617(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the Family and Medical Leave Act of 1993.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – WILLFUL RETALIATION
## FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED

47. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

48. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the FMLA.

49. At all times material, Defendant knew, or should have known, of Plaintiff's need for intermittent FMLA Leave to care for his own serious medical condition.

50. Plaintiff gave Defendant sufficient information to allow it to understand that he needed leave for FMLA-qualifying reasons.

51. The retaliation occurred in the form of the continued implementation of a policy that discourages and interferes with Plaintiff's right to invoke his federally protected rights under the FMLA.

52. As a result of Plaintiff's attempt to invoke his FMLA rights, by requesting his FMLA rights, Defendant has retaliated against Plaintiff by terminating his employment.

53. Defendant's motivation for retaliating against Plaintiff was connected causally to Plaintiff's FMLA leave.

54. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

55. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

56. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

57. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RACE DISCRIMINATION
## 42 U.S.C. § 1981

58. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

59. Plaintiff is a member of protected classes in that he is African American.

7

60. Plaintiff was qualified to perform the job for which he was hired.

61. Plaintiff suffered adverse job action, including, but not limited to termination.

62. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

63. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

64. Defendant discriminated against Plaintiff on the basis of her protected class.

65. No legitimate, non-discriminatory reasons exist for the adverse employment actions that Plaintiff suffered.

66. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are a pretext for discrimination.

67. Defendant's conduct denied Plaintiff equal protection under the law when it discharged Plaintiff from employment.

68. Defendant's conduct was willful or performed with reckless disregard to his federal statutory and constitutional rights.

**WHEREFORE**, Plaintiff seeks damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Robert Green, requests that the Court grant her the following relief against Defendant, The Home Depot, Inc.:

a) Damages for past and future monetary losses as a result of Defendant's wrongful termination;

b) Compensatory damages;

c) Punitive damages;

d) Liquidated damages;

e) Emotional pain and suffering;

f) Reasonable attorneys' fees;

g) Recoverable costs;

h) Pre and post judgment interest;

i) An allowance to compensate for negative tax consequences;

j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited to, the pre-textual reasons cited for his adverse actions, disciplines, and termination; and

k) Awarding any/all other extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder.

Respectfully Submitted,

**KOLLER LAW LLC**

Dated: February 13, 2026

*/s/ David M. Koller*
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
(t) 215-545-8917
(f) 215-575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

9